IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
June 4, 2002 Session

## STATE OF TENNESSEE v. RICHARD HALE AUSTIN

**Appeal from the Court of Criminal Appeals
Criminal Court for Shelby County
No. B-58357   C. Creed McGinley, Judge**

**No. W1999-00281-SC-DDT-DD - Filed September 16, 2002**

ADOLPHO A. BIRCH, JR., J., dissenting.

In a line of dissents, I have maintained that the comparative proportionality review process currently embraced by this Court fails. It fails because it does not operate to protect defendants from the arbitrary and disproportionate imposition of the death penalty. See, e.g., State v. Godsey, 60 S.W.3d 759, 793 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Bane, 57 S.W.3d 411, 431 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Chalmers, 28 S.W.3d 913, 923 (Tenn. 2000) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 234 (Tenn. 2000) (Birch, J., dissenting). This case is no different.

The predominant principle underlying comparative proportionality review is that it is unjust to impose a death sentence upon one defendant when other defendants, convicted of the same crimes with similar facts, receive sentences of life imprisonment (with or without parole). Godsey, 60 S.W.3d at 793. Based on this principle, and pursuant to Tennessee Code Annotated § 39-13-206(c)(1), this Court must conduct a comparative proportionality review of every death sentence for the purpose of "determining whether the death penalty is unacceptable in a particular case because it is disproportionate to the punishment imposed on others convicted of the same crime." State v. Henderson, 24 S.W.3d 307, 314 (Tenn. 2000) (citing State v. Hall, 8 S.W.2d 593, 604 (Tenn. 1999)).

In theory, the comparative proportionality review protocol seems ideal and workable; however, as I have often stated, albeit in gentler terms, it just does not work. Three flaws ensure the unreliability of the review process: (1) the proportionality test is so broad that nearly every sentence is pronounced proportionate; (2) the "pool" of cases used for comparison is entirely too small; and (3) the review process itself is much too subjective. Chalmers, 28 S.W.3d at 923 (Birch, J., concurring and dissenting). If this

1

Court is to adequately protect against the  disproportionate imposition of the death sentence, these flaws must be corrected.  Bane, 57 S.W.3d at 431 (Birch, J., concurring and dissenting).

Until the issues I have continually raised are addressed, I hold that this Court cannot thoroughly and adequately fulfill its statutory duty to review death penalty cases to ensure that a defendant's death sentence is proportionate.

_____
ADOLPHO A. BIRCH, JR.